**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGINALD McDONALD,

Plaintiff - Appellant,

v.

JEREMY BEAN; et al.,

Defendants - Appellees.

No. 10-16465

D.C. No. 2:09-cv-00438-PMP-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Reginald McDonald, a Nevada state prisoner, appeals pro se from the district

court's order denying his motion to reconsider the dismissal of his 42 U.S.C.

§ 1983 action alleging due process, equal protection, and access to court claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). We vacate and remand.

The district court dismissed the action with prejudice because McDonald failed timely to file an amended complaint in compliance with its January 25, 2010 order. McDonald contends that he submitted evidence showing that he never received the district court's order. Excusable neglect is a basis for granting a motion to reconsider a final order under Federal Rule of Civil Procedure 60(b)(1). *See Bateman*, 231 F.3d at 1223. "[W]hether neglect is excusable is an equitable [determination] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. at 1223-24 (citation omitted). Here, the district court failed to engage in the equitable analysis required for determining whether McDonald's neglect was excusable. Accordingly, we vacate the order and remand for the district court to decide McDonald's motion to reconsider using the appropriate equitable analysis.

McDonald's "Case Inquiry and Request to Place Case on Court's Calendar," entered on July 29, 2011, is denied as moot.

McDonald shall bear his own costs on appeal.

**VACATED and REMANDED.**